*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *ALEXANDER G. BALDWIN,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *Docket No. 07-46-P-H* |
| | ) | |
| *JOHN W. BADER, et al.,* | ) | |
| | ) | |
| *Defendants* | ) | |

*RECOMMENDED DECISION ON MOTION FOR PRELIMINARY INJUNCTION*

Plaintiff Alexander G. Baldwin moves for a preliminary injunction (a) enjoining defendants John W. Bader, Steven P. Boulet, Michael L. Brousseau, Scott F. Hall, Roger H. Poulin and John A. Powell from demanding or accepting any payment from WahlcoMetroflex, Inc. ("WMI") for the purpose of funding their legal fees and costs in the instant action ("Defense Costs") and (b) compelling the defendants to repay any Defense Costs advanced to them or on their behalf by WMI. *See* Plaintiff's Motion for Preliminary Injunction ("Motion") (Docket No. 34) at 1. The defendants oppose the Motion on grounds, *inter alia*, that the court lacks jurisdiction to grant it inasmuch as it is unrelated to the merits of the underlying action. *See* Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction ("Opposition") (Docket No. 51) at 6-8. I agree. Accordingly, I recommend that the Motion be denied.

**I. Applicable Legal Standard**

The party moving for a preliminary injunction bears the burden of satisfying each element of a familiar four-part test: (1) it must be likely to succeed on the merits; (2) it must suffer from immediate irreparable injury without injunctive relief; (3) it must balance the equities, *i.e.* the harm to the moving

1

party in the absence of an injunction must exceed the harm to the opposing party if the injunction is granted; and (4) the public interest must be better served by granting the injunction than by denying it. *Everett J. Prescott, Inc. v. Ross*, 383 F.Supp.2d 180, 188 (D. Me.), *amended on other grounds*, 390 F. Supp.2d 44 (D. Me. 2005). The court must "bear constantly in mind that an '[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case.'" *Saco Def. Sys. Div., Maremont Corp. v. Weinberger*, 606 F. Supp. 446, 450 (D. Me. 1985) (quoting *Plain Dealer Pub. Co. v. Cleveland Typographical Union No. 53*, 520 F.2d 1220, 1230 (6th Cir. 1975)).

## II.  Factual Background

WMI is a Delaware corporation with its principal place of business in Lewiston, Maine. *See* Complaint, etc. ("Complaint") (Docket No. 1) ¶ 1; Defendants' Answer to Plaintiff's Complaint ("Answer") (Docket No. 12) ¶ 1. The plaintiff and the defendants are WMI's sole shareholders. *See id*. ¶¶ 1-7, 14, 16. The defendants are also WMI's directors. *See id.* ¶¶ 2-7. On March 23, 2007 the plaintiff filed the instant one-count complaint, alleging that the defendants' votes to issue additional WMI shares to themselves on two occasions in exchange for their provision of personal guarantees of repayment of certain WMI debts (the "Guaranty Shares" and "Additional Guaranty Shares") diluted the plaintiff's ownership interest in WMI and constituted a breach of fiduciary duty. *See* Complaint ¶¶ 25-54. By way of relief, the plaintiff asked the court to "enter an order (a) determining and declaring that the issuance of the Guaranty Shares and the Additional Guaranty Shares is null and void; (b) granting judgment in favor of Plaintiff and against Defendants, jointly and severally, for the full amount of Plaintiff's damages, to be proven at trial; and (c) granting such other and further relief as the Court deems just and proper." *Id*. at 10.

By letter to the defendants' counsel dated April 11, 2007 ("April 11 Letter") the plaintiff's counsel demanded that WMI provide the plaintiff with assurances that it would neither indemnify the defendants nor advance defense costs to them.  *See* Affidavit of Wayne Tumlin in Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction ("Tumlin Aff."), attached to Opposition, ¶ 4 & Exh. 1 thereto at 3.  The April 11 Letter threatened that, absent such assurances, the plaintiff might add a shareholder-derivative claim to his complaint on account of the unlawful use of corporate funds, seeking to recover such funds from the directors.  *See* Exh. 1 to Tumlin Aff. at 3.

On April 12, 2007 WMI held a shareholders' meeting at which each of the defendants was present.  *See* Tumlin Aff. ¶ 8 & Exh. 5 thereto at 1.  The plaintiff did not attend.  *See* Exh. 5 to Tumlin Aff. at 1.  During the meeting, the defendants, in their capacity as WMI shareholders, discussed the plaintiff's lawsuit and the April 11 Letter.  *See id.* at 3.  After a discussion with WMI's outside counsel, Wayne Tumlin, the meeting was adjourned until April 13, 2007.  *See id.*  On April 13, 2007 the defendants met with Paul McDonald, Esq., to discuss the pending litigation, potential damages and expected litigation costs.  *See* Affidavit of John Bader in Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction, attached to Opposition, ¶ 7; Affidavit of Steven Boulet in Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction, attached to Opposition, ¶ 7; Affidavit of Michael Brousseau in Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction, attached to Opposition, ¶ 7; Affidavit of Scott Hall in Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction, attached to Opposition, ¶ 7; Affidavit of Roger Poulin in Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction, attached to Opposition, ¶ 7; Affidavit of John Powell in Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction, attached to Opposition, ¶ 7 (collectively, "Defendants' Affs.").  The WMI shareholders' meeting was reconvened later that afternoon, and the

defendants continued to discuss provisions of Delaware law applicable to corporate indemnification and advancement of defense costs as well as provisions of WMI's Certificate of Incorporation and bylaws.  *See* Exh. 5 to Tumlin Aff. at 3.  After consideration of statutory and corporate requirements for indemnification and advancement of defense costs and with knowledge of potential damages, litigation expenses and financial positions of the directors, the defendants, in their capacity as WMI shareholders, resolved that WMI would indemnify them and  advance their defense costs.  *See* Defendants' Affs. ¶ 9.

On April 18, 2007 WMI's counsel responded in writing ("April 18 Letter") to the April 11 Letter.  Tumlin Aff. ¶ 5 & Exh. 2 thereto.  The April 18 Letter summarized the resolutions made at the April 12-13 shareholders' meeting and explained that the defendants had agreed to retain independent counsel to determine if indemnification was proper in the circumstances and to refrain from using WMI funds for their defense of the instant suit until the earlier of (i) the issuance of a legal opinion by independent counsel; (ii) the defendants' provision to WMI of certain undertakings; or (iii) the defendants' success in defending the suit.  *See* Exh. 2 to Tumlin Aff. at 2.  Each defendant voluntarily provided WMI with a signed, written undertaking to repay any litigation advances in the event it was ultimately determined that he was not entitled to indemnification.  *See* Defendants' Affs. ¶ 10 & Exh. 1 to each.

By letter dated May 21, 2007, addressed to WMI's and the defendants' counsel, the plaintiff's counsel again demanded assurances and raised threats of filing a lawsuit to recover any litigation advances.  *See* Tumlin Aff. ¶ 6 & Exh. 3 thereto.  WMI's counsel replied on May 23, 2007, notifying the plaintiff's counsel that WMI had retained independent Delaware counsel, that each defendant had provided an undertaking to WMI and that WMI would advance defense costs to the defendants in accordance with Delaware law.  *See* Tumlin Aff. ¶ 7 & Exh. 4 thereto at 1.

4

The deadline for amending pleadings was July 24, 2007.  *See* Scheduling Order (Docket No. 13) at 2.  The Complaint has not been amended.  *See generally* Docket.

### III.  Discussion

The defendants oppose the Motion in part on the basis that the court lacks jurisdiction to entertain it.  *See* Opposition at 6-8.  I agree.  "A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits."  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).  "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  *Id.  See also, e.g., Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action."); *Stewart v. United States Immigration & Naturalization Serv.*, 762 F.2d 193, 198 (2d Cir. 1985) ("[S]ince Stewart failed to commence an action in the district court with regard to his claim of improper suspension without pay prior to filing his motion for a preliminary injunction, the district court lacked jurisdiction over Stewart's motion for injunctive relief relating to the same conduct."); *Schwartz v. United States Dep't of Justice*, Civil Action No. 06-5581 (JBS), 2007 WL 2916465, at *3 (D.N.J. Oct. 4, 2007) ("A preliminary injunction grants intermediate relief of the same character as that which may be granted finally.  When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction.") (citation and internal quotation marks omitted); *Adair v. England*, 193 F. Supp.2d 196, 200 (D.D.C. 2002) ("When no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition for injunctive relief. . . .  Even when a motion for a preliminary injunction is predicated on a complaint, if

5

the motion raises issues different from those presented in the complaint, the court has no jurisdiction over the motion.").

As the defendants point out, *see* Opposition at 7, although the plaintiff has been on notice since May 2007 that WMI would advance defense costs to the defendants, and he previously threatened to amend his complaint to add a claim targeting advancement of those costs, he did not do so. The Complaint contains no allegation that the defendants wrongfully caused WMI to advance costs of defense of the instant suit and requests no relief concerning that conduct (which postdated the filing of the Complaint). *See generally* Complaint. Tellingly, in moving for preliminary injunctive relief, the plaintiff himself observed that "it must be noted that the 'merits' in question in this Motion are not the merits of the underlying case, but the merits of the Defendants' claims, under applicable Delaware law, to the advance of Defense Costs."). Motion at 5.

In an effort to blunt the force of the defendants' argument, the plaintiff asserts in his reply brief that:

1.     The defendants misapply *Stewart*, which turned on failure to exhaust administrative remedies. *See* Reply of Plaintiff to Defendants' Opposition to Motion for Preliminary Injunction (Docket No. 54) at 1-2.

2.     The relief requested via the instant motion is "clearly inextricably related to the underlying action" inasmuch as the plaintiff seeks to enjoin the defendants from exacerbating their original self-dealing in issuing the Guaranty Shares by raiding the corporate treasury in defense of the instant suit. *See id*. at 2. In any event, the Complaint specifically requests that the court grant "such other relief as [it] deems just and proper"; given the allegations of directorial wrongdoing and self-dealing that underlie the Complaint, this request for relief clearly encompasses the injunctive action requested in the Motion. *See id*. at 2 n.1

Neither point is persuasive. *Stewart* supports the proposition for which the defendants cite it: It concerns not only failure to exhaust administrative remedies but also the separate question of lack of a sufficient nexus between the preliminary injunctive relief sought and the allegations of the operative complaint. *See* Opposition at 6-7; *Stewart*, 762 F.2d at 198-99. While it is true that a court has jurisdiction over a motion for preliminary injunction that is sufficiently related to the underlying complaint, *see, e.g., Adair*, 193 F. Supp.2d at 200, the instant Motion, which seeks relief as to a separate type of alleged self-dealing conduct postdating filing of the Complaint, is not, *see, e.g., Devose*, 42 F.3d at 471 (inmate who filed suit alleging inadequate medical treatment not entitled to preliminary injunction concerning disciplinary charges allegedly trumped up against him in retaliation for filing of complaint); *Candelaria v. Baker*, No. 00-CV-0912E(SR), 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (inmate not entitled to injunctive relief concerning alleged mistreatment at then-current jail facility when operative complaint alleged mistreatment at prior jail facility); *Adair*, 193 F. Supp.2d at 200-01 (court lacked jurisdiction over plaintiffs' motion for preliminary injunction concerning Navy's policy of forced recruiting allegedly imposed in retaliation for filing of complaints when underlying complaints contained no claim resembling that claim; "For jurisdiction to exist over the instant motion for injunctive relief, the motion must be closely related to the facts, legal issues, and parties addressed in the plaintiffs' amended complaints."); *Rodriguez v. Wall*, No. CIV.A. 00-90T, 2000 WL 1371254, at *3 (D.R.I. Aug. 4, 2000) (inmate not entitled to temporary restraining order ("TRO") when motion for TRO was "based on new assertions of mistreatment that are entirely different from the claims raised and the relief requested in his instant lawsuit").

## IV.  Conclusion

For the foregoing reasons, I recommend that the plaintiff's motion for a preliminary injunction be **DENIED**.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 28th day of February, 2008.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge